Barry R. Schirm (SBN 94553)
**HAWKINS PARNELL THACKSTON & YOUNG LLP**
445 South Figueroa Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 486-8000
Facsimile: (213) 486-8080
Email: *bschirm@hptylaw.com*

Attorneys for Defendant,
FCA US LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HECTOR BAILON-ACEVEDO,<br>Plaintiff,<br>v.<br>FCA US LLC, a Delaware Company; and DOES 1 through 10, inclusive.<br>Defendants. | State Court Case No.: BC 655312<br><br>**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL**<br><br>Complaint Filed : March 24, 2017<br>Trial Date: None |

Defendant FCA US LLC, (FCA) files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof, states as follows:

**PRELIMINARY MATTERS**

1. Plaintiff Hector Bailon-Acevedo commenced a civil action on March 24, 2017, in the Superior Court of the State of California for the County of Los Angeles, Case Number BC655312 alleging six causes of action related to violations of the Song-Beverly Consumer Warranty and Magnuson Moss Warranty Acts. (*See* Plaintiff's Complaint, attached as **Exhibit A.**)

2. This matter is an action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) in that it is a civil action wherein the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

3. Copies of the pleadings and other papers served on the FCA in the above-described action are appended to this Notice of Removal as required by 28 USC § 1446.

## JURISDICTION & GROUNDS FOR REMOVAL

4. This is an action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Plaintiff is an individual, a citizen of Los Angeles California. (*See* Plaintiffs' Complaint, attached as **Exhibit A,** at ¶1.)

6. FCA is the sole Defendant in this action. (*See* Plaintiffs' Complaint, attached as **Exhibit A.**) Defendant FCA is a citizen of Delaware, organized and existing under the laws of Delaware, with its principal place of business in Auburn Hills, Michigan. (Secretary of State Business Search records, attached as **Exhibit B.**) FCA US LLC's sole member is FCA North America Holdings LLC, which was organized under the laws of the State of Delaware. Secretary of State Business Search records, attached as **Exhibit C.**) As such, the only Plaintiff and the only Defendant are citizens of different states.

7. The amount in controversy far exceeds the federal jurisdictional requirement of $75,000. (28 USC § 1332(b); *Valdez v. Allstate Ins. Co.* (9th Cir 2004) 372 F3d 1115, 1116–1118. Plaintiff claims the following amount in damages: (a) at least 25,000.00 on each of his five causes of action under the Song Beverly Consumer Warranty Act (**Exhibit A** at ¶¶ 21,29, 36,43,52; (b) a civil penalty under California Civil Code section 1794 (c), which is up to two times the amount of actual damages (**Exhibit A** at ¶¶24, 32, 39, 46, 55 and No. 5 of Prayer; (d) reimbursement damages under California Civil Code section 1793.2, which is up to the value paid

for the vehicle in question, which is 25,000.00 (**Exhibit A** at Plaintiff's *Exhibit 1* to Complaint.); (e) consequential damages (**Exhibit A** at p.11); (f) damages for loss of value of the vehicle (**Exhibit A** at p.11); and (g) mandatory attorney's fees under Song-Beverly Consumer Warranty Act, as well judgment in a sum equal to the aggregate amount of cost and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of the action pursuant to 15 U.S.C. Section 2310(d)(2) (**Exhibit A** at ¶66.)

8. FCA was served with Plaintiff's Complaint on April 7, 2017. (*See* Proof of Service of Summons and Complaint, attached as **Exhibit A**.) FCA's Notice of removal is timely pursuant 28 USC § 1446(b)(1). 28 USC § 1446(b)(1) a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise" of the initial pleading from which removability can be ascertained.)

## CENTRAL DISTRICT FORUM

9. Removal to this district court is proper under 28 USC § 1441(a) because the Los Angeles Superior Court is geographically located within this court's district.

## CONCLUSION

10. As required by 28 U.S.C. § 1446(a) and the local rules of this Court, true and correct copies of the process and pleadings served upon FCA are filed with this Notice of Removal.

11. By means of a Notice to Plaintiff and State Court of Removal Action, written notice of the filing of this Notice of Removal will be given to the Superior Court of California, County of Los Angeles, and Plaintiff as required by 28 U.S.C. § 1446(d).

12. Along with this Notice of Removal, FCA files the following: Civil Cover Sheet; Certification of Interested Parties; and a Civil Case Summary and Docket Sheet of Matters, Pleadings filed in State Court, and Declaration of Filing Notice of Removal in State Court. The list of all counsel of record, including

addresses, telephone numbers and parties represented, appears on the proof of service.

Dated: May 5, 2017

**HAWKINS PARNELL THACKSTON & YOUNG LLP**

By: /s/ Barry R. Schirm
Barry R. Schirm
Attorneys for Defendant,
FCA US LLC

# EXHIBIT A

CT Corporation

**Service of Process Transmittal**
04/07/2017
CT Log Number 531015596

**TO:** Melissa Gravlin
FCA US LLC
1000 Chrysler Dr Ofc of
Auburn Hills, MI 48326-2766

**RE:** **Process Served in California**

**FOR:** FCA US LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Hector Bailon-Acevedo, Pltf. vs. FCA US, LLC, etc., et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Attachment(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # BC655312 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2015 Dodge Ram 2500, VIN: 3C6TRVCD8FE366701 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/07/2017 at 13:41 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | ViCtor L. Block<br>Block Law Group<br>620 Newport Center Drive, Ste 1100<br>Newport Beach, CA 92660<br>949-887-0448 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/08/2017, Expected Purge Date: 04/13/2017<br><br>Image SOP |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

APR 7 - 2017

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 24 2017

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
FCA US, LLC, a Delaware company, and Does 1-10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Hector Bailon-Acevedo

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 North Hill
Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):* BC 655312

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Block Law Group, 620 Newport Center Drive, Suite 1100, Newport Beach, CA 92660 (949) 887-0448

DATE: March 24, 2017 MAR 24 2017 Clerk, by SHERRI R. CARTER SHAUNYA BOLDEN, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: FCA US LLC, a Delaware Company

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☒ by personal delivery on *(date)*: APR 7 - 2017



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BLOCK LAW GROUP
Victor L. Block, Esq. (205096)
620 Newport Center Drive
Suite 1100
Newport Beach, CA 92660
Telephone: (949) 887-0448
Facsimile: (949) 200-4592
vblock@blocklawgroup.com

Attorney for Plaintiff, HECTOR BAILON-ACEVEDO

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 24 2017

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

SUPERIOR COURT OF CALIFORNIA - COUNTY OF LOS ANGELES
CENTRAL DISTRICT
UNLIMITED JURISDICTION

BC 655312

| | |
|---|---|
| HECTOR BAILON-ACEVEDO<br><br>Plaintiff,<br><br>vs.<br><br>FCA US, LLC, a Delaware Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. Violation of Song Beverly Consumer Warranty Act Section 1793.2(d);<br>2. Violation of Song Beverly Consumer Warranty Act Section 1793.2(b);<br>3. Violation of Song Beverly Consumer Warranty Act Section 1793.2(a)(3);<br>4. Violation of Song Beverly Consumer Warranty Act Section 1791.2;<br>5. Violation of Song Beverly Consumer Warranty Act Section 1791.1<br>6. Violation of Magnuson-Moss Act<br><br>*Assigned for All Purposes to the Honorable*<br><br>Department: |

Plaintiff, HECTOR BAILON-ACEVEDO, alleges as follows against Defendant, FCA US, LLC, and DOES 1 through 10 inclusive, on information and belief, formed after an inquiry reasonable under the circumstances.

GENERAL ALLEGATIONS

1. Plaintiff, HECTOR BAILON-ACEVEDO ("Plaintiff"), is an individual residing in the city of Santa Ana, County of Orange, State of California.

2. Defendant FCA US, LLC is and was a Delaware company registered to do business in the State of California with its registered office in the City of Los Angeles, County of Los Angeles, State of California.

3. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff. Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

4. All acts of corporate employees as alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

5. Each Defendant whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

6. On or about September 30, 2015, Plaintiff purchased a new 2015 Dodge Ram 2500, VIN 3C6TRVCD8FE366701, (the "Vehicle"), and express warranties accompanied the sale of the vehicle to Plaintiff by which FCA US, LLC undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or provide compensation if there was a failure in such utility or performance. The warranty provided that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle could be repaired.

7. The vehicle was delivered to Plaintiff with serious defects and nonconformities to the warranty and developed other serious defects and nonconformities to warranty including, but not limited to engine, transmission, engine and electrical defects. These defects substantially impaired the use, value and/or safety of the Vehicle.

**FIRST CAUSE OF ACTION**

**[Violation of the Song-Beverly Consumer Warranty Act Section 1793.2(d)]**

8. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

9. Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff have used the vehicle primarily for those purposes.

10. Plaintiff is a "buyer" of consumer goods under the Act.

11. Defendant is a "manufacturer" and/or "distributor" under the Act.

12. The purchase agreement of the vehicle was accompanied by an implied warranty that the vehicle was merchantable. The sale of the agreement was also accompanied by an implied warranty of fitness.

13. The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value or and/or safety of the vehicle.

14. Plaintiff delivered the vehicle to an authorized FCA repair facility for repair of the nonconformities.

15. FCA wrongfully denied warranty coverage for certain nonconformities.

16. FCA was unable to conform Plaintiff's vehicle to the applicable express and implied warranties after a reasonable number of repair attempts.

17. FCA was unable to conform Plaintiff's vehicle to the applicable express and implied warranties after a reasonable amount of time.

18. Notwithstanding Plaintiff's entitlement, FCA has failed to either promptly replace the new motor vehicle or promptly make restitution in accordance with the Song-Beverly Consumer Warranty Act.

19. By failure of FCA to remedy the defects as alleged above, or to issue a refund or replacement, FCA is in breach of its obligations under the Act, pursuant to Civil Code Section 1793.2(d) and 1793.1(a)(2).

20. Plaintiff is entitled to justifiably revoke acceptance of the vehicle under the Act.

21. Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less than amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities. Plaintiff suffered damages in a sum to be proven at trial but not less than $25,000.00.

22. Plaintiff is entitled to all incidental, consequential and general damages resulting from FCA's failure to comply with their obligations under the Act.

23. Plaintiff is entitled under the Act to recover as part of the judgment to a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

24. Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that FCA has willfully failed to comply with its responsibilities under the Act. FCA's action and/or inaction was willful in that FCA and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable warranty after a reasonable number of repair attempts, yet FCA failed and refused to promptly replace the Vehicle or make restitution.

**SECOND CAUSE OF ACTION**

[Violation of the Song-Beverly Consumer Warranty Act Section 1793.2(b)]

25. Plaintiff incorporates by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

26. Although Plaintiff presented the Vehicle to FCA's representative in this state, FCA and its representative failed to commence the services or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code Section 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

27. Plaintiff has been damaged by FCA's failure to comply with its obligations pursuant to Civil Code section 1793.2(b) and therefore brings this cause of action pursuant to Civil Code Section 1794.

28. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, Plaintiff has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in Civil Code section 1794(b)(1), including the entire purchase price. In the alternative, Plaintiff seeks the remedies set forth in Civil Code Section 1794(b)(2), including the diminution in value of the vehicle resulting from the defects. Plaintiff believes that, at the present, time, the Vehicle's value is *de minimis*.

29. Plaintiff is entitled to reimbursement of the price paid for the vehicle less than amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities. Plaintiff suffered damages in a sum to be proven at trial but not less than $25,000.00.

30. Plaintiff is entitled to all incidental, consequential and general damages resulting from FCA's failure to comply with their obligations under the Act.

31. Plaintiff is entitled under the Act to recover as part of the judgment to a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

32. Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that FCA has willfully failed to comply with its responsibilities under Section 1793.2(b) of the Act. FCA's action and/or inaction was willful in that FCA and its representatives were aware that they were unable to service or repair the Vehicle to conform to the applicable warranty within 30 days, yet FCA failed and refused to promptly replace the Vehicle or make restitution.

**THIRD CAUSE OF ACTION**

**[Violation of the Song-Beverly Consumer Warranty Act Section 1793.2(a)(3)]**

33. Plaintiff incorporates by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

34. In violation of Civil Code Section 1793.2(a)(3), FCA failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period.

35. Plaintiff has been damaged by FCA's failure to comply with its obligations pursuant to Civil Code Section 1793.2(a)(3) and therefore brings this cause of action pursuant to Civil Code Section 1794.

36. Plaintiff is entitled to reimbursement of the price paid for the vehicle less than amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities. Plaintiff suffered damages in a sum to be proven at trial but not less than $25,000.00.

37. Plaintiff is entitled to all incidental, consequential and general damages resulting from FCA's failure to comply with their obligations under the Act.

38. Plaintiff is entitled under the Act to recover as part of the judgment to a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

39. Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that FCA has willfully failed to comply with its responsibilities under Section 1793.2(a)(3) of the Act. FCA's action and/or inaction was willful in that FCA knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet FCA failed to take any action to correct its failure to comply with the law.

**FOURTH CAUSE OF ACTION**

**[Violation of the Song-Beverly Consumer Warranty Act Section 1791.2(a)]**

40. Plaintiff incorporates by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

41. In accordance with the FCA's warranty, Plaintiff delivered the Vehicle to FCA's representative in the state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified FCA and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

42. Plaintiff has been damaged by FCA's failure to comply with its obligations under the express warranty, and therefore brings this cause of action pursuant to Civil Code Section 1794.

43. Plaintiff is entitled to reimbursement of the price paid for the vehicle less than amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities. Plaintiff suffered damages in a sum to be proven at trial but not less than $25,000.00.

44. Plaintiff is entitled to all incidental, consequential and general damages resulting from FCA's failure to comply with their obligations under the Act.

45. Plaintiff is entitled under the Act to recover as part of the judgment to a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

46. Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that FCA has willfully failed to comply with its responsibilities under Section 1791.2 of the Act. FCA's action and/or inaction was willful in that FCA and its representative were aware that they were obligated to repair the defects but refused to do so.

**FIFTH CAUSE OF ACTION**

**[Violation of the Song-Beverly Consumer Warranty Act Section 1791.1(a)]**

47. Plaintiff incorporates by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

48. Pursuant to Civil Code Section 1792, the sale of the Vehicle was accompanied by FCA's implied warranty of merchantability. Pursuant to Civil Code Section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by FCA, except that the duration is not to exceed one year.

49. Pursuant to Civil Code Section 1791.1(a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) the Vehicle will pass without objection in the trade under the contract description; (2) the Vehicle is fit for the ordinary purposes for which such goods are used; (3) the Vehicle is adequately contained, packaged and labeled; (4) the Vehicle will conform to the promises or affirmations of fact made on the container or label.

50. On September 30, 2015, or within one year thereafter, the Vehicle contained or developed the defects as set forth above. The existence of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description; (2) is not fit for the ordinary purposes for which such goods are used; (3) is not adequately contained, packaged and labeled; (4) does not conform to the promises or affirmations of fact made on the container or label.

51. Plaintiff has been damaged by FCA's failure to comply with its obligations under the implied warranty, and therefore bring this cause of action pursuant to Civil Code Section 1794.

52. Plaintiff is entitled to reimbursement of the price paid for the vehicle less than amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities. Plaintiff suffered damages in a sum to be proven at trial but not less than $25,000.00.

53. Plaintiff is entitled to all incidental, consequential and general damages resulting from FCA's failure to comply with their obligations under the Act.

54. Plaintiff is entitled under the Act to recover as part of the judgment to a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

55. Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that FCA has willfully failed to comply with its responsibilities under Section 1791.1 of the Act. FCA's action and/or inaction was willful in that FCA and its representative were aware that they were obligated to repair the defects but refused to do so.

**SIXTH CAUSE OF ACTION**

**[Violation of the Magnuson Moss Warranty Act]**

56. Plaintiff incorporates by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

57. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act ("Mag-Moss"), 15 U.S.C. Section 2301(3).

58. FCA is a "supplier" and "warrantor" as defined in Mag-Moss, 15 U.S.C. Section 2301(4), 15 U.S.C. Section 2301(5).

59. The vehicle is a "consumer product" as defined in Mag-Moss, 15 U.S.C. Section 2301(1).

60. In addition to the express warranty, in connection with the sale of the vehicle to Plaintiff, an implied warranty of merchantability was created under California law. The vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. Section 2308(c).

61. FCA violated Mag-Moss when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the vehicle.

62. Plaintiff performed all terms, conditions, covenants, promises and obligations required to be performed on Plaintiff's part under the terms of the purchase agreement, and express warranty and implied warranty except for those terms and conditions, covenants, promises and obligations or payments for which performance and/or compliance has been excused by the acts and/or conduct of the FCA and/or by operation of law.

63. As a direct and proximate result of the acts and omissions of the FCA, Plaintiff has been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

64. Under the Act, Plaintiff is entitled to rescission of the contract and reimbursement of the amount paid under the purchase agreement.

65. Plaintiff is entitled to all incidental, consequential and general damages resulting from FCA's failure to comply with its obligations under Mag-Moss.

66. Plaintiff is entitled under Mag-Moss to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. Section 2310(d)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1. For general, special and actual damages according to proof at trial;
2. For rescission of the purchase contract and restitution of all monies expended;
3. For diminution of vale;
4. For incidental and consequential damages according to proof at trial;
5. For a civil penalty in the amount of two times Plaintiff's actual damages;
6. For prejudgment interest at the legal rate;
7. For reasonable attorney's fees and costs of suit; and
8. For such other and further relief as the Court deems just and proper under the circumstances.

Dated: March 24, 2017

BLOCK LAW GROUP

By: ______________________
VICTOR L. BLOCK
Attorneys for Plaintiff, HECTOR BAILON-ACEVEDO

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Victor L. Block (205096)
BLOCK LAW GROUP
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
TELEPHONE NO.: (949) 887-0448 FAX NO.: (949) 400-4592
ATTORNEY FOR (Name): Hector Bailon-Acevedo

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 24 2017

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill
MAILING ADDRESS: 111 North Hill
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME:
Hector Bailon-Acevedo v. FCA US, LLC

**CIVIL CASE COVER SHEET**

☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**

☐ Counter ☐ Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC 655312

JUDGE:

DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*: 6
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 24, 2017

(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| SHORT TITLE: Bailon-Acevedo v. FCA US LLC | CASE NUMBER BC655312 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number BC 655312

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Debre K. Weintraub | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| | Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Howard L. Halm | 53 | 513 | |
| | Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 | |
| | Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| | Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Monica Bachner | 71 | 729 | |
| | Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| | Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. David Sotelo | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | Hon. Steven J. Kleifield | 324 | CCW | |
| | Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | | | |
| | Hon. Randolph Hammock | 47 | 507 | | | 308 | CCW | |

*Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ____________ SHERRI R. CARTER, Executive Officer/Clerk

By ______________________________, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

**Superior Court of California**
**County of Los Angeles**

**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**

**Consumer Attorneys**
**Association of Los Angeles**

**Southern California**
**Defense Counsel**

**Association of**
**Business Trial Lawyers**

**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

➤ ______________________ (TYPE OR PRINT NAME) ______________________ (ATTORNEY FOR PLAINTIFF)

Date:

➤ ______________________ (TYPE OR PRINT NAME) ______________________ (ATTORNEY FOR DEFENDANT)

Date:

➤ ______________________ (TYPE OR PRINT NAME) ______________________ (ATTORNEY FOR DEFENDANT)

Date:

➤ ______________________ (TYPE OR PRINT NAME) ______________________ (ATTORNEY FOR DEFENDANT)

Date:

➤ ______________________ (TYPE OR PRINT NAME) ______________________ (ATTORNEY FOR ______________)

Date:

➤ ______________________ (TYPE OR PRINT NAME) ______________________ (ATTORNEY FOR ______________)

Date:

➤ ______________________ (TYPE OR PRINT NAME) ______________________ (ATTORNEY FOR ______________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ____________ (INSERT DATE) for the complaint, and ____________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

____________________ (TYPE OR PRINT NAME) ➢ ____________________ (ATTORNEY FOR PLAINTIFF)

Date:

____________________ (TYPE OR PRINT NAME) ➢ ____________________ (ATTORNEY FOR DEFENDANT)

Date:

____________________ (TYPE OR PRINT NAME) ➢ ____________________ (ATTORNEY FOR DEFENDANT)

Date:

____________________ (TYPE OR PRINT NAME) ➢ ____________________ (ATTORNEY FOR DEFENDANT)

Date:

____________________ (TYPE OR PRINT NAME) ➢ ____________________ (ATTORNEY FOR ____________)

Date:

____________________ (TYPE OR PRINT NAME) ➢ ____________________ (ATTORNEY FOR ____________)

Date:

____________________ (TYPE OR PRINT NAME) ➢ ____________________ (ATTORNEY FOR ____________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: ________________ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: ________________ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

____________________ ➤ ____________________

(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

____________________ ➤ ____________________

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

____________________ ➤ ____________________

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

____________________ ➤ ____________________

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

____________________ ➤ ____________________

(TYPE OR PRINT NAME) (ATTORNEY FOR ________________)

Date:

____________________ ➤ ____________________

(TYPE OR PRINT NAME) (ATTORNEY FOR ________________)

Date:

____________________ ➤ ____________________

(TYPE OR PRINT NAME) (ATTORNEY FOR ________________)

**THE COURT SO ORDERS.**

Date: ____________________ ____________________

JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

- **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

# EXHIBIT B

**Alex Padilla**
**California Secretary of State**

# Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Wednesday, May 3, 2017. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

200914610106 FCA US LLC

| | |
|---|---|
| **Registration Date:** | 05/22/2009 |
| **Jurisdiction:** | DELAWARE |
| **Entity Type:** | FOREIGN |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | C T CORPORATION SYSTEM (C0168406)<br>* |
| **Entity Address:** | 1000 CHRYSLER DR<br>AUBURN HILLS MI 48326 |
| **Entity Mailing Address:** | 1000 CHRYSLER DR<br>AUBURN HILLS MI 48326 |
| **LLC Management** | * |

A Statement of Information is due EVERY ODD-NUMBERED year beginning five months before and through the end of May.

| Document Type | File Date | PDF |
|---|---|---|
| SI-COMPLETE | 05/04/2015 | |
| AMENDMENT | 12/15/2014 | |
| SI-COMPLETE | 04/16/2013 | |
| AMENDMENT | 06/18/2009 | |
| REGISTRATION | 05/22/2009 | |

* Indicates the information is not contained in the California Secretary of State's database.

**Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.

Case 2:17-cv-03432-DMG-SK Document 1 Filed 05/05/17 Page 38 of 41 Page ID #:38

- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

Modify Search | New Search | Back to Search Results

# EXHIBIT C




ıartment of State: Division of Corporations

ΜE
ut Agency
retary's Letter
vsroom
quent Questions
ated Links
ıtact Us
ce Location

**RVICES**
Taxes
UCC's
aware Laws Online
ne Reservation
ty Search
us
date Certificate
tomer Service Survey

**ORMATION**
porate Forms
porate Fees
C Forms and Fees
es
edited Services
vice of Process
ıistered Agents
Corporate Status
mitting a Request
v to Form a New Business Entity
tifications, Apostilles & Authentication of
uments

View Search Results

## Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
|---|---|---|---|
| File Number: | 4687034 | Incorporation Date / Formation Date: | 5/14/2009 (mm/dd/yyyy) |
| Entity Name: | FCA NORTH AMERICA HOLDINGS LLC | | |
| Entity Kind: | Limited Liability Company | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

REGISTERED AGENT INFORMATION

| | | | |
|---|---|---|---|
| Name: | THE CORPORATION TRUST COMPANY | | |
| Address: | CORPORATION TRUST CENTER 1209 ORANGE ST | | |
| City: | WILMINGTON | County: | New Castle |
| State: | DE | Postal Code: | 19801 |
| Phone: | 302-658-7581 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information [Submit]

[Back to Entity Search]

elp on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate |

*Hector Bailon-Acevedo v. FCA US, LLC, et al.*
**Los Angeles Superior Court Case No.: BC 655312**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I declare that I am employed by Hawkins Parnell Thackston & Young LLP. I am over the age of eighteen years and not a party to the within cause; my business address is 445 South Figueroa Street, Suite 3200, Los Angeles, California 90071-1651.

On the date set forth below, I served the foregoing document(s) described as:

**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL**

On the parties in said cause:

| | |
|---|---|
| Victor L. Block, Esq.<br>BLOCK LAW GROUP<br>620 Newport Center Drive, Suite 1100<br>Newport Beach, CA 92660 | Phone: (949) 887-0448<br>Fax: (949) 200-4592<br><br>***Attorneys for Plaintiff Hector Bailon-Acevedo*** |

☒ **BY MAIL**: by enclosing a true copy thereof in a sealed envelope and, following ordinary business practices, said envelope, with postage pre-paid, was placed for mailing and collection (in the offices of Hawkins Parnell Thackston & Young LLP) in the appropriate place for mail collected for deposit with the United States Postal Service. I am readily familiar with the Firm's practice for collection and processing of correspondence/documents for mailing with the United States Postal Service and that said correspondence/documents are deposited with the United States Postal Service in the ordinary course of business on the same day.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 5, 2017, at Los Angeles, CA.

SMoreno
Signature

***Silvia Moreno***
Print Name



10657522v.1